```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-16-22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ADELMO TOMASSETTI and ROSE TOMASSETTI,

                     Plaintiffs,

- against -

LITTLE GIANT LADDER SYSTEMS, LLC f/k/a
WING ENTERPRISES, INC.,

                     Defendant.
------------------------------------x

~~STIPULATED~~ **PROTECTIVE ORDER**

7:22-CV-02587-VB

WHEREAS, the parties in this action agree that the discovery sought by all parties is likely to involve the production of documents and things containing business, proprietary, trade secret or other information of a sensitive nature, hereafter referred to as "Confidential Information." Accordingly, ~~the parties have agreed to enter into this Stipulated Protective Order to govern the production of documents and testimony that contains Confidential Information, and~~ for good cause shown, the Court hereby ORDERS as follows: /VB/

1. Any documents, material or information claimed to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a multi-page protected document shall so designate all pages of such document, unless otherwise indicated by the producing party. The "Confidential" designation shall apply with equal force to any copies, abstracts or summaries made therefrom, or excerpts taken therefrom. Any individual making such copies, abstract or summaries, or creating any documents

2

including excerpts taken therefrom (including expert reports or pleadings), shall clearly mark such documents to preserve the confidentiality of the materials incorporated therein.

2. Inadvertent production of material that is confidential, privileged or protected from discovery as work product shall not be deemed a waiver of any rights under this agreement or under the applicable evidence rules. In the event that any document which is subject to a claim of privilege is inadvertently received, the recipient shall return the document together with all copies thereof to the producing party immediately upon notice from the producing party.

3. Receiving counsel may object to the designation of any document, material or information as "Confidential" by advising the producing party of its objections and the reasons therefor. Until the dispute is resolved, any such document, material or information shall treated as designated. The producing party shall have the burden of scheduling a hearing with the court to resolve the propriety of the designation, and shall ensure that the receiving party has a minimum of ten (10) days written notice of any such hearing.

4. When any party uses a "Confidential" document, material or information at deposition, the portion of the deposition transcript which relates to such document, material or information shall be designated as confidential at the deposition

3

or within 30 days thereof and shall thereafter be subject to the terms of this Order.

5. If documents, material or information (including portions of deposition transcripts) designated as "Confidential," or any information retrieved therefrom, are to be included in any papers to be filed in court or submitted thereto, the filing party shall apply to the Court for leave to file such papers under seal.

6. Documents or material designated as "Confidential", or information derived therefrom, may be disclosed or made available by the party receiving such information only to the following:

   a. the court, including court personnel, potential jurors, jurors and/or alternates (at trial or hearing);

   b. the plaintiffs, defendants and third parties, provided that counsel for the party proposing to make such disclosure shall deliver a copy of this agreement to such person and have such persons acknowledge and agree to be bound by the terms of this agreement by executing the acknowledgment as set forth hereto at Exhibit A;

   c. outside counsel to the parties to this action, including all paralegal, clerical and secretarial staff;

   d. court reporters;

   e. witnesses at any deposition in this action;

   f. outside experts retained at any time by the parties or their counsel in connection with this litigation as a consulting or testifying expert within the meaning of the federal rules and who reasonably requires access to the particular confidential information for purposes of rendering an expert opinion. Prior to the disclosure of any such information to an expert, counsel for the party proposing to make such disclosure shall deliver a copy of this agreement to such person, shall explain its term to such person and have such person execute the

Case 7:22-cv-02587-VB   Document 20   Filed 06/16/22   Page 4 of 7

4

acknowledgment as set forth at Exhibit A;

~~g.   any attorney representing a plaintiff in a pending lawsuit against Defendant Little Giant alleging that defects in a multi-positional ladder being used in extension ladder mode resulted in personal injuries from that use, who will also execute the acknowledgment as set forth at Exhibit A.~~ *VB*

7.  Each non-lawyer given access to documents, material or information designated "confidential" pursuant to the terms hereof shall be advised that the documents, material or information are being disclosed pursuant to and subject to the terms of this agreement and may not be disclosed other than pursuant to the terms hereof.

8.  Documents, material or information designated as "Confidential" shall not be disclosed (other than by the producing party) except in accordance with the terms of this agreement.  A person receiving or obtaining material or information designated as "Confidential" shall not use such information for any purpose, including, without limitation, any business or commercial purpose, other than for the purposes of preparing for and conducting this litigation of any related appellate proceedings.

9.  Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action, unless such documents,

Case 7:22-cv-02587-VB Document 16-2 Filed 06/13/22 Page 5 of 7
Case 7:22-cv-02587-VB Document 20 Filed 06/16/22 Page 5 of 7

5

material or information fall within the confines of this agreement.

10. Entering into, agreeing to, and/or complying with the terms if this agreement shall not:

    a. Operate as an admission by any party that any particular documents, material or information contains or reflects currently valuable trade secrets or proprietary or commercial information; or

    b. Prejudice in any way the right of a party at any time:

        1. To seek a determination by the court of whether any particular document, material or piece of information should be subject to the terms of this agreement.

        2. To seek relief on appropriate notice from any provision(s) of this agreement, either generally or as to any particular document, item of material or piece of information.

        3. To challenge the admissibility of any document, material or information on the basis of relevance, material or otherwise.

11. At the conclusion of this action, including any appeals, each party who has disclosed a producing party's confidential information under this agreement shall provide a list identifying all persons to whom the receiving party disclosed documents, material or information designated by the producing party as "Confidential".

12. Upon termination of this action, including all appeals, the parties shall return to counsel for the producing party, within ninety (90) days, all documents, material or depositions designated as "Confidential" and all copies thereof which will be maintained by the producing party for a period of six (6) years and then destroyed.

13. Any material or information supplied by a non-party to

6

any or all of the parties in this action pursuant to subpoena otherwise may be designated by such non-party as "Confidential" under the terms of this agreement and such designation shall have the same force and effect as if made by a party.

14. Under no circumstances will any party to this agreement post or allowed to be posted material marked "Confidential" on the WorldWideWeb or by dissemination in any other form.

15. Any party or non-party may ask the court, after written notice to all parties, to modify or grant relief from the provisions of this agreement.

16. That a breach of this agreement is deemed to be material and prejudicial to the producing party.

17. The parties agree that the material, information and documents produced in this litigation are intended for the sole use in this litigation ~~and those covered by paragraph 6(g) only~~. WB

18. This Court shall retain jurisdiction over any dispute regarding a party's or a non-party's compliance or failure to comply with the terms of this agreement.

19. It is further agreed that:

a. The information shall be produced along with a production log indicating to which discovery request the data is responsive;

b. The information shall be produced with a case designation and bates number placed on the data in a location that does not cover or mark over any textual material;

c. The information produced shall be stored in a secure fashion to assure compliance with this Order; and

7

d. All data produced under the terms of this Order shall be deemed to be the authentic business records of the producing party.

~~Dated: June 7, 2022~~

~~McCARTNEY STUCKY, LLC~~                    ~~REARDON & SCLAFANI,~~ P.C.

~~By: Terrence E. McCartney (TM9831)~~  ~~By: Michael V. Sclafani (MS9120)~~
~~Attorneys for Plaintiffs~~             ~~Attorneys for Defendant~~
~~350 Theodore Fremd Ave., Ste. 140~~    ~~220 White Plains Road, Ste. 235~~
~~Rye, New York 10580~~                  ~~Tarrytown, New York 10591~~
~~(914) 305-5555~~                       ~~(914) 366-0201~~

VB

SO-ORDERED this 16th day of June, 2022:

Hon. Vincent V. Briccetti, U.S.D.J.