UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ADELMO TOMASSETTI and ROSE
TOMASSETTI,
                 Plaintiffs,

v.

LITTLE GIANT LADDER SYSTEMS, LLC,
formerly known as Wing Enterprises, Inc.,
                 Defendant.
--------------------------------------------------------------x

**ORDER**

22 CV 2587 (VB)

      By letter motion dated June 13, 2022, defense counsel requested an informal discovery conference under Local Civil Rule 37.2 to discuss defendant's objection to a "sharing provision" in plaintiffs' proposed protective order. (Doc. #16). The proposed "sharing provision" would permit the disclosure of defendant's confidential trade secrets to "any attorney representing a plaintiff in a pending lawsuit against Defendant Little Giant alleging that defects in a multi-positional ladder being used in extension ladder mode resulted in personal injuries from that use." (Doc. #16-2 at ¶ 6.g). Plaintiff's counsel responded by letter dated June 14, 2022 (Doc. #18), and defense counsel replied on June 15, 2022. (Doc. #19).

      Under Fed. R. Civ. P. 26(c), the court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 72 (S.D.N.Y. 2010).[1] That is, "[a]lthough the burden is on the movant to establish good cause for the entry of a protective order, the court ultimately weighs the interests of both sides in fashioning an order." Id. at 71.

      "While the federal rules do not automatically prohibit the use of information obtained in one case to pursue (or initiate) another case, it has long been recognized that the purpose of discovery is to enable the parties to prepare for trial with respect to their own bona fide existing claims, not to determine whether third parties have similar claims." Closed Joint Stock Co. "CTC Network," v. Actava TV, Inc., 2016 WL 1364942, at *5 n.8 (S.D.N.Y. Mar. 28, 2016). Accordingly, the court must balance any benefits from such collaboration in discovery across different cases against countervailing factors like minimizing the disclosure of confidential trade secrets. See id.

      Having reviewed the parties' submissions, the Court finds that the risk of harm to defendant from the unnecessary disclosure of its confidential trade secrets outweighs any benefit that may be gained from disseminating such secrets to other plaintiffs in other lawsuits not presently before the Court. That is, defendant has adequately shown through the sworn affidavit of its co-chairman and president that the information plaintiffs seek permission to disclose implicates confidential trade secrets such as internal testing protocols, schematic drawings, and

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

material composite compounds, all of which are accessible only to "upper management personnel," and "kept under lock and key" in defendant's office, and that unnecessary disclosure of such information risks placing defendant at a competitive disadvantage. (Doc. #16-1). Indeed, the use of defendant's nonpublic information "for the purposes described by plaintiffs' counsel would necessarily entail its disclosure to persons and entities who are not before this Court . . . . It would then become difficult if not impossible to enforce any other terms of the protective order." Closed Joint Stock Co. "CTC Network," v. Actava TV, Inc., 2016 WL 1364942, at *5 n.8. Moreover, plaintiffs' counsel has failed to articulate how striking such a provision would prejudice plaintiffs' prosecution of the instant action.

Accordingly, the Court will strike the at-issue Paragraph 6.g. from the parties' otherwise agreed-upon protective order attached to defense counsel's letter motion. (Doc. #16-2). The Court will separately enter the as-modified protective order on the docket, as well as an order regarding the filing of documents under seal.

In light of the foregoing, there is no need for a Rule 37.2 conference.

The Clerk is directed to terminate the letter motion. (Doc. #16).

Dated: June 16, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge