UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ADELMO TOMASSETTI and ROSE
TOMASSETTI,

               Plaintiffs,

v.

LITTLE GIANT LADDER SYSTEMS, LLC,
               Defendant.
--------------------------------------------------------------x

**ORDER**

22 CV 2587 (VB)

12/6/22

      By letter-motion dated November 29, 2022, plaintiffs' counsel requested an informal conference, pursuant to Local Civil Rule 37.2, to discuss an anticipated motion to compel the deposition of defendant's CEO Ryan Moss. (Doc. #28). By letter-motion dated December 5, 2022, defendant's counsel requested a conference regarding a potential motion for a protective order to quash the notice. (Doc. #34). Mr. Moss also submits an affidavit in support of defendant's motion. (Doc. #34-1).

      Having reviewed counsel's letters and Mr. Moss's affidavit, the Court sees no need for a pre-motion conference or further briefing with respect to this dispute. For the reasons stated below, the Court will permit plaintiffs to depose Mr. Moss by written questions.

      "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party seeking discovery bears the burden of demonstrating such discovery is relevant and proportional to the needs of the case. See Allstate Ins. Co. v. All Cnty., LLC, 2020 WL 5668956, at *3 (E.D.N.Y. Sept. 22, 2020). In addition, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," a court may issue an order forbidding or limiting discovery, for example, by "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(A).

      "Unless it can be demonstrated that a corporate official has some unique knowledge of the issues in the case, it may be appropriate to preclude a deposition of a highly-placed executive while allowing other witnesses with the same knowledge to be questioned." Retail Brand All., Inc. v. Factory Mut. Ins. Co., 2008 WL 622810, at *5 (S.D.N.Y. Mar. 7, 2008).[1] "However, parties to an action are ordinarily entitled to test a claim by a potential witness that he has no knowledge." Id. at 6.

      Mr. Moss's testimony may be relevant to plaintiffs' claims. Plaintiffs' counsel points to deposition testimony which characterizes Mr. Moss as a "very hands-on" CEO and suggests Mr. Moss may have decided "to make changes to the very ladder feet" at issue in this action. (Doc.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

#28 at 2). Plaintiffs' counsel also notes that Mr. Moss has appeared in defendant's promotional videos discussing ladder safety and design.

However, plaintiffs have not shown Mr. Moss has "some unique knowledge" that would justify the expense and business disruption that would result from forcing Mr. Moss to sit for a deposition. See Retail Brand All., Inc. v. Factory Mut. Ins. Co., 2008 WL 622810, at *5. Indeed, Mr. Moss states in his affidavit that he has no unique personal knowledge relevant to this case and that any testimony he could give "would be at best duplicative of" testimony already offered by other employees of defendant. (Doc. #34-1 at ¶ 3).

Nevertheless, the Court is unwilling to preclude all discovery of Mr. Moss "based solely on his unchallenged denial" of unique knowledge. See Retail Brand All., Inc. v. Factory Mut. Ins. Co., 2008 WL 622810, at *6. Accordingly, to "minimize[ ] the temporal burden of the examination and ensure [ ] that the deposition will not be used as a vehicle" for harassment, the Court will permit plaintiffs to depose him via written questions. See id.; Fed. R. Civ. P. 31. Plaintiffs may serve up to 20 questions, including all discrete subparts, on Mr. Moss concerning the claims and defenses in this matter. Mr. Moss shall have 21 days to respond to those questions. In responding, he may assert any objection that could be asserted in response to an interrogatory except an objection based on Local Civil Rule 33.3.

This Order is without prejudice to a further application to depose Mr. Moss by oral examination if his answers to plaintiffs' written questions demonstrate there is some valid basis for an oral examination.

The Clerk is instructed to terminate the motions (Docs. ##28, 34).

Dated: December 6, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge