UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ADELMO TOMASSETTI and ROSE
TOMASSETTI,

                Plaintiffs,

v.

LITTLE GIANT LADDER SYSTEMS, LLC,
                Defendant.
--------------------------------------------------------------x

**ORDER**

22 CV 2587 (VB)

      By Order dated December 6, 2022, the Court denied plaintiffs' application for an oral deposition of defendant's CEO, Ryan Moss, but permitted plaintiffs to depose him via written questions. (Doc. #35). The Court's decision was "without prejudice to a further application to depose Mr. Moss by oral examination if his answers to plaintiffs' written questions demonstrate there is some valid basis for oral examination." (Id. at 2).

      By letter-motion dated January 11, 2023, plaintiffs' counsel asks the Court to compel the deposition of Mr. Moss by oral examination on the grounds that Mr. Moss's written responses were inadequate and evasive. (Doc. #37). In response, defense counsel contends plaintiffs' "application is nothing more than an attempt at atonement for inartfully drafted questions" and reiterates that Mr. Moss has no unique knowledge as to plaintiffs' claim. (Doc. #38).[1]

      Having reviewed counsel's letters and the exhibits thereto, including Mr. Moss's written responses, the Court concludes plaintiffs have again failed to show a valid basis for subjecting Mr. Moss to an oral deposition. For this reason, and for the reasons stated in the Court's prior Order (Doc. #35), the Court denies the instant application.

      However, the Court finds certain written responses were deficient and will require Mr. Moss to supplement these responses as follows:

      **Response No. 1**: Mr. Moss shall describe his involvement in the design of the Subject Ladder System (as defined in plaintiffs' written deposition questions, Doc. #37-1), including a detailed description of any "product ideas" he contributed to the Subject Ladder System.

---

[1]     The Court does not find helpful defense counsel's overheated rhetoric in referring to plaintiffs' counsel's letter (e.g., "attempt at atonement"; "constant ethnocentric undertones"; "caterwauling"; "infatuation".) Both counsel are reminded of their obligation to be courteous in their dealings with each other. See S.D.N.Y. Local Rule 26.4(a). Should either counsel fail to do so in any future submission, the Court will disregard the submission.

**Response Nos. 5, 6, 7**: Mr. Moss shall clarify whether he has any personal knowledge responsive to these questions. If he has such knowledge, he shall provide it, subject to any applicable privilege.

**Response No. 15**: Mr. Moss shall explain "why Little Giant did not warn users that the bottom of" the Subject Ladder System "must be tied off" when "used in extension ladder mode."

**Response No. 17**: Mr. Moss shall enumerate and explain the "variety of factors" which Little Giant considered in deciding to have some ladders manufactured in China and others in the United States.

The Clerk is instructed to terminate the motion (Doc. #37).

Dated: January 23, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge